HARRIS, Judge,
concurring and concurring specially.
I concur with Judge Thompson but feel that some additional explanation is warranted.
It appears, without question, that appellee, Independence Mortgage Corporation of America, which admittedly has been a defendant from the inception of this action, is not the same Independence Mortgage Corporation of America which is alleged to have committed the wrongful acts on which the complaint is based.
It is equally apparent that for much of the extended time that this cause has been in litigation, counsel for appellee Independence was unaware of this distinction. Independence did, in fact, in response to the various and numerous amended complaints filed by the Moles, answer without asserting that it was truly an original Independence totally independent and separate from the Independence that allegedly committed the wrongful acts.
But eventually it did make such claim and the record supports it. Its predecessor corporation purchased certain assets of the original Independence from First Federal, a continuing defendant in this action. Those assets included the “Independence” name and, according to law, the predecessor corporation adopted the purchased name as its own. There is no indication that this name change was in any way intended to defraud anyone. Therefore, if Independence is to be held accountable, since it personally committed no wrongful act, such liability must be based on an estoppel theory — that it somehow led the Moles to rely on the fact that it was the one and the original Independence and that the Moles, in just reliance, were injured by the deception.
The record shows that the original Independence changed its name to Academy Mortgage Corporation of America in August, 1989, and that the name change was properly filed in the corporate records maintained by the Secretary of State and available to the Moles prior to filing this action. Since these public records were available to the Moles, it is difficult to see why they should not be charged with this knowledge. Further, there is no indication that the original Independence remained a viable corporation after the sale of its assets some three years before this action was filed. How were the Moles injured if they were “prevented” from suing a corporate shell? There is no basis in this record, in law or in equity, for substituting the assets of appellee Independence for those of an alleged tortfeasor who had no connection at all with the present company. Even the name was purchased from a corporation (First Federal) which had owned the original Independence, as a subsidiary. Trial coun *179 sel’s confusion on the distinction between the two “Independences” simply should not be the basis for a windfall to the Moles.